UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60613-CIV-ZLOCH

TROY EVANS,

       Plaintiff,

                                        **O R D E R**

vs.

D. CEFALU MANAGEMENT, INC., and
CHRISTINE DIFIORE KIRSCH,

       Defendants.
_____/

THIS MATTER is before the Court upon Defendants' Motion For Summary Judgment (DE 26). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

I. Background

Plaintiff Troy Evans (hereinafter "Plaintiff") initiated the above-styled cause with the filing of his Complaint (DE 1), alleging a single claim against Defendants D. Cefalu Management, Inc., and Christine Difiore Kirsch (hereinafter "Defendants") for failure to pay overtime compensation in accord with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter "the FLSA").

The following facts are undisputed, on the record,[1] because Plaintiff elected to disregard Local Rule 56.1(b)'s abundantly clear warning that "All material facts set forth in the movant's

---

[1] The following facts are taken solely from the only statement of facts filed with the Court, Defendants' Statement Of Undisputed Material Facts In Support Of Their Motion For Summary Judgment (DE 27).

statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). See also Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" "the court may . . . (2) consider the fact undisputed for purposes of the motion.").[2]  Defendant D. Cefalu Management, Inc. (hereinafter "Defendant Cefalu"), is a pizza restaurant in Plantation, Florida, with only one location, and Plaintiff worked as a cook for Defendant Cefalu from January 2015 through March 2016.  Plaintiff's Statement Of Claim (DE 8), however, describes the time frame as from approximately January 5, 2015, to approximately February 1, 2016.  Defendants have provided a description of how Plaintiff was paid, with accompanying documentation.  As the Court has noted, Plaintiff has chosen not to dispute Defendants' version of the facts, which are supported by its attached records.  The Parties dispute, through legal argument alone, whether Defendant Cefalu is covered by the FLSA's enterprise definition and thus required to abide by its wage and overtime

---

[2] In the Parties' Joint Pretrial Stipulation (DE 54), under the heading "Issues of Fact Which Require Proof at Trial," Plaintiff lists, "A. The hours Plaintiff worked and whether he was paid in accordance with the FLSA." p. 3. It is not possible for this issue to remain in dispute subsequent Defendant's instant Motion (DE 26) when Plaintiff has done nothing to contest this issue in response to that Motion and the accompanying Statement Of Undisputed Material Facts (DE 27).

provisions. 29 U.S.C. § 203(s). This dispute is completely irrelevant to the resolution of the instant Motion (DE 26). The Court finds another of Defendants' arguments to be availing and thus, that it is unnecessary to wade into the deeper waters of whether Defendant Cefalu is an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA. Id. Defendants demonstrate in their Motion (DE 26) and Statement Of Undisputed Material Facts (DE 27) that whether or not Defendant Cefalu was covered by the FLSA, Plaintiff has already received all compensation to which he would be entitled under the FLSA's overtime provision.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a

3

rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citing Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997)) (further citations omitted).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  "If the movant succeeds in demonstrating the absence of a material fact, the burden shifts to the non-movant to show the existence of a genuine issue of fact." Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir. 2009) (citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993)).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  All justifiable inferences are to be drawn in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III.  Analysis

In addition to failing to respond to Defendants' Statement Of Undisputed Material Facts (DE 27), Plaintiff utterly fails, in his Response To Defendants' Motion For Summary Judgment (DE 43), to

4

even oppose by argument in any fashion Defendants' conclusion that, "The math works out this way [payment by the hour of initially $13 an hour, increased to $14 an hour, and overtime pay of one and one-half times the applicable hourly rate] for each week, and thus Plaintiff was paid for all of his overtime, and he knows this." DE 27, ¶ 10.  Plaintiff believes that Defendants' Motion (DE 26) was premature.  The Court remains at a loss to understand why a summary judgment motion filed a mere few weeks before the deadline set by the Court should be deemed premature.  See DE 16.  Plaintiff mentions further discovery he seeks at the time of the filing of this Response (DE 43).  But, without opposing Defendants' factually supported and documented contention that Plaintiff was paid in accord with the FLSA, the discovery solely related to the determination of Defendant Cefalu's enterprise coverage is not relevant, much less capable of supporting the assertion that Defendants' Motion (DE 26) is premature under Federal Rule of Civil Procedure 56(d).  And as Defendants note, Plaintiff has not produced the affidavit or declaration requisite under Rule 56(d) for the Court to consider whether "it cannot present facts essential to justify its opposition."

Overtime compensation for employees under the FLSA is prescribed under the explanation of maximum hours, which states in pertinent part:

> (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours <u>unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.</u>

29 U.S.C. § 207(a)(1) (emphasis added). By the instant Motion (DE 26), Defendants argue that they are exempt from 29 U.S.C. § 207's overtime requirements because Plaintiff cannot prove either enterprise or individual coverage under the FLSA.

But due to Plaintiff's inability to provide evidence that Plaintiff was not in fact paid overtime compensation whether or not he was entitled by the FLSA to receive it, the Court is not required to analyze enterprise or individual FLSA coverage. Not only has Plaintiff provided <u>no</u> evidence that he was not paid at the FLSA-mandated rates, in his Response (DE 43), Plaintiff does not even address Defendants' argument that summary judgment is warranted because Plaintiff has already received all wages to which he would be entitled. Whether or not facts are in dispute as to FLSA coverage is not a material question in this case because the Court finds, based on the uncontroverted evidence presented, Defendants are entitled to judgment as a matter of law because no testimony or evidence has been produced to dispute that they in fact paid Plaintiff in accord with the overtime compensation requirements of the FLSA, 29 U.S.C. § 201, <u>et seq.</u>

The Court will briefly reference the record evidence relevant to this finding. Along with their Statement of Undisputed Material Facts (DE 27), Defendants submitted the Sworn Declaration Of Christine Difiore Kirsch (DE 27-1) which included the following exhibits, all filed under the same docket entry: Exhibit 1, Tax Return for 2014 and Quarterly Financial Statements for 2015; Exhibit 2, Cash Payment Ledger (for Plaintiff); Exhibit 3, Payroll Summary (for Plaintiff); Exhibit 4, Corrected W-2 Form (for Plaintiff); and Exhibit 5, Time and Pay Records (for Plaintiff). Plaintiff has offered the Court no reason to question the accuracy of any of the records with respect to Plaintiff, though, Plaintiff offers arguments related to Defendants' Tax Returns and Financial Statement, which the Court need not address.

Defendants clearly detail the method of Plaintiff's payment, without any response from Plaintiff. Thus, the uncontroverted method of Plaintiff's payment is as follows:

> The agreement that Plaintiff and the corporate Defendant reached was that the Plaintiff would be paid $13.00/hr plus overtime (time and one-half) for his hours over 40 in a workweek. The Plaintiff insisted that he needed to have some of his compensation be paid in the form of cash each week, and the rest would be by check, and thus the cash monies were not reflected on the paystub, but the company kept a record of those payments. The Plaintiff was given a raise to $14.00/hr on or about November 8, 2015, which was his hourly rate until he quit. Thus, the Plaintiff was paid for all straight-time hours that he worked at his appropriate hourly rate depending upon the timeframe [sic] and was paid time and one-half for all hours that he worked over 40 in a workweek, either $19.50/hr or $21.00/hr depending upon the timeframe [sic]. The corporate Defendant kept a record of all of the cash payments made to the Plaintiff.

DE 27, ¶ 8 (citations to the record omitted). The records submitted by Defendants support Defendants' description of this payment method. In opposition, Plaintiff provides the Court no reason to question the validity or veracity of any of the relevant documentation.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion For Summary Judgment (DE 26) be and the same is hereby **GRANTED**; and

2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of August, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record