```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 16-60613-CIV-ZLOCH
```

TROY EVANS,

       Plaintiff,

vs.                                                    **O R D E R**

D. CEFALU MANAGEMENT, INC., and
CHRISTINE DIFIORE KIRSCH,

       Defendants.
                                      /

      THIS MATTER is before the Court upon Defendants' Memorandum In Support Of The Defendants' Award For Attorneys' Fees And Costs Associated With Plaintiff's Non-Appearance At His Deposition (DE 29), Motion For Bill Of Costs (DE 66), and Verified Motion For Attorney's Fees Against Plaintiff's Counsel And His Law Firm (DE 68).  The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

      As the Court explained in its prior Order (DE 64), granting Defendants' Motion For Summary Judgment (DE 26), Plaintiff Troy Evans (hereinafter "Plaintiff") in the above-styled cause brought only one claim against Defendants D. Cefalu Management, Inc., and Christine Difiore Kirsch (hereinafter "Defendants") for failure to pay overtime compensation in accord with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter "the FLSA").  The Court granted summary judgment for Defendants because Plaintiff failed to contest by either a response to Defendants' Statement Of Undisputed Material Facts In Support Of Their Motion For Summary Judgment (DE

27), or even by any argument within his Response (DE 43) that Plaintiff was in fact paid all overtime compensation he was owed, regardless of whether Defendants were actually covered by the FLSA. Defendants maintained that they are not covered by the FLSA because they allege their income does not meet the statutory requirements. Plaintiff has at all times in the case contested that argument. See, e.g. DE 43.  But, as Plaintiff did not contest Defendants' facts, supported by their own records, that overtime was paid, the Court did not find it necessary to resolve the coverage issue.

Defendants now maintain that they should be awarded attorney's fees and costs.  Pursuant to 29 U.S.C. § 216(b), the Court is required to award attorney's fees only to a prevailing plaintiff in an FLSA case: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  The statute is silent as to a prevailing defendant's entitlement to attorney's fees.  Thus, the Eleventh Circuit in Kreager v. Solomon & Flanagan, P.A. held that the FLSA makes an attorney's fee award mandatory only for prevailing plaintiffs, in accordance with the 'American Rule.'  775 F.2d 1541, 1542-43 (11th Cir. 1985) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Christianburg Garment Co. v. EEOC, 434 U.S. 412, 416 & n.5 (1978)).  In that case, the court explained that an exception to this rule would be bad faith, and "The bad faith exception to the American Rule is not limited to suits that are filed in bad faith.  The exception also encompasses bad faith

acts preceding and during litigation." Id. at 1543 (citations omitted). See also Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith." (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995)). Courts within this Circuit have correctly observed that, "Bad faith is a stringent standard that makes it difficult for a defendant to prevail." Ellis v. All My Sons Moving & Storage of Orlando, Inc., No. 6:07-CV-2017-ORL-19DAB, 2009 WL 2496626, at *2 (M.D. Fla. Aug. 12, 2009) (citing Murray v. Playmaker Serv., LLC, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008)).

Defendants suggest that the appropriate basis for sanctions is the Court's inherent power. In a seminal case on the Court's authority to award sanctions pursuant to this inherent authority, Chambers v. NASCO, Inc., the Supreme Court affirmed this basis as an appropriate source of power for fee-shifting attorney's fees, even in situations in which, absent the extraordinary circumstance of bad faith, the 'American Rule' would apply. 501 U.S. 32, 45 (1991). The Court also cautioned that, "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). The Court has already discussed the fact that it must find bad faith in order to award such sanctions. This is one of methods by which the Court exercises great caution, as required. See Thomas v. Tenneco Packaging, Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (citing Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982)). In addition to finding bad

faith, the Court must afford the party against whom sanctions are considered due process, which means in this case, "the lawyer facing sanctions must be provided with notice and 'an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.'" Id. at 1321 (quoting In re Mroz, 65 F.3d 1567, 1575-76 (11th Cir. 1995)). As to this notice, it is acceptable that it comes from the court, from the party who seeks the sanctions, or from both. In re Mroz, 65 F.3d at 1575-76. Plaintiff had notice from the Court when the Court stated in the Final Judgment (DE 65) that it would entertain a Motion For Attorney's fees, and then also from Defendants, obviously, in the instant Motion (DE 68). However, in an abundance of caution, the Court recognizes that the precise basis for any award of fees was not stated. The Court states here unequivocally that the only basis the Court is considering for awarding fees against Plaintiff's counsel only, and not Plaintiff, is the Court's inherent power.

Thus, the Court will give Plaintiff's counsel one final chance to offer an explanation, specifically, of why he continues to maintain that he had an argument for the fact that Plaintiff was not paid all of his overtime wages. The Court cautions Plaintiff's counsel that the Court expects this explanation to be contained entirely within, or at the very least, supported by, an affidavit from Plaintiff's counsel. The Court understands that there is some uncertainty as to whether Plaintiff can be reached, or even wishes to be reached, by Plaintiff's counsel. But, this is immaterial at

4

this point. The above-styled cause has been resolved in Defendants' favor. The Court is merely giving Plaintiff's counsel an opportunity to proffer a full and thorough statement about his investigation of Plaintiff's claim and his reasons for believing it was supported by evidence, despite the fact that he failed to marshal this evidence against Defendants' Motion For Summary Judgment (DE 26).

By the instant Motion (DE 68), Defendants argue that this case is an instance of bad faith and that the Court should award fees based on its inherent authority, which they acknowledge is even more limited than Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927. Defendants concede that they did not file a Rule 11 motion, but note that they did serve such a motion on Plaintiff before ultimately deciding against filing. Defendants assert that the case was frivolous and that this contention is established because Plaintiff has not provided evidence, at summary judgment, or at any other time, that he was not paid all overtime owed.

Plaintiff's Response (DE 71) to Defendants' Motion (DE 68) is, frankly, baffling, and not helpful to the Court in determining whether Plaintiff's claim had any basis. Plaintiff's counsel explains that his failure to respond to Defendants arguments about Plaintiff not being owed overtime was "inadvertent error." DE 71, p. 2. After the Court entered its Order (DE 64), granting summary judgment, Plaintiff's counsel explains that he attempted to contact Plaintiff in order to file a sworn statement along with a motion for reconsideration. Such a motion was never filed, as he admits.

The Court previously remarked, in its Order (DE 64), that there was a discrepancy between Plaintiff's failure to controvert Defendants' facts and legal argument and a statement in the Parties' Joint Pretrial Stipulation (DE 54) that the hours Plaintiff worked and whether he was paid in accordance with the FLSA were issues which remained for proof at trial.  <u>See</u> DE 65, p. 2, n.2.  The Court gathers from Plaintiff's Response (DE 71) that, despite Plaintiff's counsel's conduct in the above-styled cause, Plaintiff's counsel continues to believe that Plaintiff was, in fact, not paid his overtime under the FLSA.  The appropriate time to present this evidence has long since passed.  All of the evidence before the Court supports Defendants, as the Court noted when it granted summary judgment in their favor.  DE 64.

But, while the Court wishes to make it abundantly clear that any explanation offered at this date will not affect the Final Judgment (DE 65) entered against Plaintiff, the Court must be fully appraised of Plaintiff's argument before deciding whether or not the above-styled cause was either brought in bad faith, or at any point continued to be litigated in bad faith.  And, the Court would not wish in any way to be seen as not affording Plaintiff's counsel all possible due process to fully defend his own actions.  The Court would observe that two aspects of the pleadings before the Court at this time have influenced this decision.  First, the primary thrust of Plaintiff's Response (DE 71) is that Plaintiff's counsel failed due to inadvertence.  Inadvertence alone is not bad faith, but the Court needs reasons to understand why the Court

should accept this explanation. Second, repeatedly, in its Reply (DE 74), Defendants state that there is no direct evidence, but only circumstantial evidence of bad faith. Of course, circumstantial evidence may be sufficient. And, the Court will naturally take into account all possible evidence. But, in the absence of more direct evidence, Plaintiff's counsel is being given this last chance to explain his reasoning.

With respect to the instant Motion (DE 29), Defendants seek fees and costs, from Plaintiff, associated with the original setting of Plaintiff's deposition, to which Plaintiff failed to appear. The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2011).

To calculate a reasonable fee, the Court must utilize the "lodestar" method of multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); see also Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by

lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).  To determine whether counsel's hourly rate and the number of hours claimed are reasonable, the district court should consider the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).  Those factors are

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 717-719.  Here the Court is satisfied that a reasonable rate for Chris Kleppin, Esq., is $400 per hour.  In particular, the Court has considered the attorney's experience.

The second step in calculating the lodestar is to determine the reasonable number of hours expended by Mr. Kleppin with respect

to this discovery matter. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Here, Defendants claim that Mr. Kleppin expended .3 of an hour of work on this matter, and the Court finds this to be reasonable. Thus, .3 of an hour, at a rate of $400 per hour, yields a total of $120. And, as to the costs for this deposition, which did not take place, Defendants have provided adequate documentation of the cost for the court reporter's attendance, $80, and this cost is additionally recoverable pursuant to 28 U.S.C. § 1920. Finally, with respect to this Motion (DE 29), Defendants request interest, pursuant to 28 U.S.C. § 1961, which provides for this request.

By the instant Motion (DE 66), pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and 29 U.S.C. § 216(b),

Defendants seek their costs for the entire case, as the prevailing party. Even in an FLSA case in which bad faith was not found such that attorney's fees should be awarded, the court described how Rule 54(d) allowed costs to the defendants as the prevailing party. Armitage v. Dolphin Plumbing & Mechanical, LLC, Nos. 6:05-cv-890-ORL-19KRS, 6:05-cv-891-ORL-19KRS, 2007 WL 2209234, at *3 (M.D. Fla. July 30, 2007). See also Hargo v. Waters, No. 8:04-cv-2256-T-26MSS, 2006 WL 5042033, at *2 (M.D. Fla. May 25, 2006) (stating the same, that Fed. R. Civ. P. 54(d) provides for costs to the prevailing party, and that though courts may deny such costs in their discretion, they must explain why they are so denying) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995); Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)). Here, two types of costs are sought, copying costs and deposition costs, and both of these types are permissible under 28 U.S.C. § 1920. See 28 U.S.C. § 1920(2) and (4). See also EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (discussing how deposition costs are permitted under § 1920 as long as 'necessarily obtained for use in the case' (citations omitted)); United States v. Kolesar, 313 F.2d 835, 838-41 (5th Cir. 1963).[1] Certainly the Plaintiff's deposition is one which is reasonably necessary. Because the Court has already covered the taxation of the costs for the deposition to which Plaintiff did not attend above, the remaining deposition

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

costs, for the transcript of the deposition which Plaintiff did attend is $1,821.40, and the cost of copies made is $168.25, for a total award of costs of $1989.65.  Defendants support all costs with appropriate documentation, and Plaintiff has never filed any response objecting to the award of said costs to Defendants. Again, Defendants seek interest on these costs, as permitted by 28 U.S.C. § 1961.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. By <u>Noon</u> on <u>Friday</u>, <u>October 12, 2018</u>, Plaintiff's counsel shall file the Affidavit, and any supporting argument, explaining why the Court should not exercise its inherent powers to sanction Plaintiff's counsel by awarding Defendants their attorney's fees from Plaintiff's counsel;

2. Defendants' Memorandum In Support Of The Defendants' Award For Attorneys' Fees And Costs Associated With Plaintiff's Non-Appearance At His Deposition (DE 29) be and the same is hereby **GRANTED**.  Defendants do have and recover from Plaintiff $200, as fees and costs for his failure to appear at a scheduled deposition, together with interest pursuant to 28 U.S.C. § 1961, from the date of the Court's Order (DE 25), establishing entitlement to fees, for all of which let execution issue;

3. Defendants' Motion For Bill Of Costs (DE 66) be and the same is hereby **GRANTED**. Defendants do have and recover from Plaintiff $1989.65, as costs, together with interest pursuant to 28

U.S.C. § 1961, from the date of the Final Judgment (DE 65), for all of which let execution issue; and

4. Defendants' Verified Motion For Attorney's Fees Against Plaintiff's Counsel And His Law Firm (DE 68) be and the same is hereby **DENIED** without prejudice, and with leave to refile by noon on Friday, October 26, 2018, and to be supplemented as Defendants find appropriate, based on the filing required from Plaintiff's counsel, as described herein.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   24th   day of September, 2018.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record